# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **ALAN K. TRIPP,**    )<br>                                                             )<br>            **Plaintiff,**          )<br>                                                             )<br>**v.**                                                      )<br>                                                             )<br>**MICHAEL J. ASTRUE,**                  )<br>**Commissioner of Social Security,** )<br>                                                             )<br>            **Defendant.**        )<br>_____) | **CIVIL ACTION**<br><br>**No. 06-2424-KHV** |

## ORDER

This matter comes before the Court on <u>Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment</u> (Doc. #8) filed April 13, 2007. For reasons set forth below, the Court sustains the motion.

Defendant argues that the Court should reverse the decision of the Commissioner of Social Security (the "Commissioner") and remand for further consideration whether plaintiff is entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 <u>et seq.</u>[1] Specifically, the government argues that on remand, the ALJ will give further consideration to medical opinions of record and evaluate plaintiff's mental impairments and the credibility of his subjective complaints. The ALJ will clearly articulate his rationale for his findings on these issues. Plaintiff objects to remand and argues that the Court should reverse the Commissioner's decision and enter an immediate award of benefits. Specifically, plaintiff argues that remand is inappropriate because the ALJ made several errors of law in originally considering plaintiff's claim and

---

[1] Defendant notes that the Appeals Council will remand the matter to an Administrative Law Judge ("ALJ") for further development once the Court sustains the motion.

reconsideration of the issues would prove redundant and burdensome to plaintiff.

Under Section 405(g), sentence four,[2] the Court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because the parties do not dispute that the ALJ made errors of law, the Court reverses the decision of the Commissioner for substantially the reasons set forth in the parties' memoranda. After reversal, the Court maintains discretion to remand for further administrative proceedings or an immediate award of benefits. Simoneau v. Barnhart, No. 06-1176-JTM, 2007 WL 1223909, at *5 (D. Kan. Mar. 13, 2007). In such circumstances, despite a resulting delay, remand for further proceedings is generally proper unless it would serve no purpose. Ferguson v. Apfel, No. 98-2020-KHV, 1998 WL 596718, at *7 (D. Kan. July 30, 1998) (citing Dollar v. Bowen, 821 F.2d 530, 534 (10th Cir. 1987)); cf. Eddy v. Massanari, 180 F. Supp.2d 1255, 1273 (D. Kan. 2002) (remand for rehearing not required where ALJ given two chances to apply proper legal standard but does not do so). Direction of an immediate award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that plaintiff is disabled and entitled to benefits. Simoneau, 2007 WL 1223909, at *5 (citing Gilliland v. Heckler, 786 F.2d 178, 184-85 (3d Cir. 1986)).

Here, plaintiff thoroughly argues that the ALJ decision was not based on substantial evidence, but he does not cite substantial and uncontradicted record evidence which demonstrates that he is disabled and entitled to benefits. The government asserts that substantial issues remain to be addressed by the ALJ, and plaintiff does not argue otherwise. The Court therefore finds that the decision of the

---

[2] Section 405(g) provides two distinct mechanisms of remand in sentences four and six respectively, making it necessary to specify a sentence four remand in this case. See Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993).

Commissioner of Social Security in this case should be reversed and the case be remanded to the Commissioner for rehearing pursuant to Section 405(g), sentence four.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Reverse And Remand And For Entry Of Final Judgment (Doc. #8) filed April 13, 2007 be and hereby is **SUSTAINED**.  The decision of the Commissioner of Social Security in this case is reversed and the case is remanded to the Commissioner for rehearing pursuant to 42 U.S.C. § 405(g), sentence four.

Dated this 15th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge